| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| STEVEN JOHN PEREZ, | ) | No. CV 18-303-DSF (PLA) |
| Petitioner, | ) ) | **ORDER SUMMARILY DISMISSING HABEAS PETITION AS SUCCESSIVE** |
| v. | ) ) | |
| SULLIVAN, Warden, | ) ) | |
| Respondent. | ) ) | |

**I.**

**BACKGROUND**

Steven John Perez ("petitioner") initiated this action on January 12, 2018, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2018 Petition" or "2018 Pet."). The 2018 Petition challenges his April 2, 2002, conviction in the Los Angeles County Superior Court, case number KA055846, for criminal threats (Cal. Penal Code § 422), and possession of a firearm (former Cal. Penal Code § 12021(a)). (2018 Pet. at 2).

The Court observes that on June 17, 2004, petitioner filed an earlier habeas petition in this Court, in case number CV 04-4363-DSF (PLA) ("CV 04-4363"), which also challenged his 2002 conviction ("2004 Petition"). The 2004 Petition was dismissed on the merits with prejudice

pursuant to the Judgment entered on December 12, 2005. (Case No. CV 04-4363, ECF No. 32). Petitioner did not appeal that decision.

On October 22, 2014, petitioner filed another habeas petition in this Court, in case number CV 14-8168-DSF (PLA) ("CV 14-8168"), also challenging his 2002 conviction ("2014 Petition"). On November 24, 2014, the Magistrate Judge issued an order requiring petitioner to show cause why the 2014 Petition should not be dismissed as successive. (Case No. CV 14-8168, ECF No. 8). When petitioner failed to file a response to the order to show cause, the Magistrate Judge issued a Report and Recommendation recommending that the 2014 Petition be dismissed as successive. (Case No. CV 14-8168, ECF No. 17). On March 9, 2015, petitioner filed a number of documents, including one in which he declined to object to the Report and Recommendation (Case No. CV 14-8168, ECF No. 21), and another confirming that he was seeking to withdraw the 2014 Petition (Case No. CV 14-8168, ECF No. 22), which together the Court construed as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (Case No. CV 14-8168, ECF No. 25). In related documents filed at the same time, petitioner acknowledged that the 2014 Petition was successive. (See, e.g., Case No. CV 14-8168, ECF Nos. 23, 24). On March 16, 2015, the Court granted petitioner's request for voluntary dismissal and the action was terminated. (Id.).

**II.**

**DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

1    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2004 Petition, petitioner raised the following grounds for relief: (1) there was insufficient evidence to support his conviction for making criminal threats; (2) the trial court abused its discretion when it refused to strike petitioner's prior conviction; (3) petitioner was not read his Miranda[1] rights with respect to the criminal threats charge; (4) the prosecution's witness committed perjury; and (5) trial counsel rendered ineffective assistance. (Case No. 04-4363, ECF No. 29 at 6-7). In his 2014 Petition, petitioner raised the following grounds for relief: (1) there was insufficient evidence to support the conviction for making criminal threats; (2) the trial court abused its discretion when it refused to strike petitioner's prior conviction; (3) a sentencing error claim based on California's Proposition 36, enacted in 2012; and (4) a sentencing error claim based on finding "two strikes on one case." (Case No. CV 14-8168, ECF No. 1). As mentioned above, the 2004 action was dismissed on the merits, and the 2014 action was voluntarily dismissed by petitioner as successive. In the 2018 Petition, petitioner appears to be asserting that his sentence is illegal; that his sentence constitutes cruel and unusual punishment; and that the affirmative defense of "flight or fight" should have been asserted by trial counsel. (2018 Pet.). It also appears that petitioner raised these claims in recent habeas petitions to the state courts, including to the California Supreme Court. (2018 Pet. Ex. A). The California Supreme Court denied petitioner's habeas petition on November 15, 2017. (Id.).

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; and, it appears to the Court that even if petitioner is seeking to present new claims in the 2018 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. Thus, the 2018 Petition is successive. However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner is **nevertheless required to seek and receive authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A); see Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit.[2]

Therefore, the Court is without jurisdiction to entertain the 2018 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2018 Petition as successive is appropriate.[3]

---

[2] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition. If petitioner *obtains* permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new *authorized* petition, the Court will give that petition a new case number.

[3] The 2018 Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc). In most cases, the limitation period begins to run from "the date on
(continued...)

# III.

# **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: January 18, 2018

*Dale S. Fischer*

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's petition for review in the California Supreme Court was denied on November 25, 2003. (Official Rec. of Cal. Cts.). Thus, his conviction became final on February 25, 2004, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Petitioner filed the 2018 Petition on January 12, 2018, more than sixteen years after his conviction. (ECF No. 1). On its face, therefore, it appears that the 2018 Petition is also barred by the statute of limitations.